**REAM, Admr. v HAVERSTICK et**

Ohio Appeals, 9th Dist, Summit Co

No 3230. Decided Mar 12, 1940

John C. Frank, Akron, for appellee, Frank E. Ream, Admr. w. w. a.

Ernest E. Zesiger, Akron, for appellees Ernest E. Zesiger, Admr., etc., and Christian F. Green.

Gillum H. Doolittle, Akron, and Dwight K. Parsons, Akron, for appellant.

## OPINION

By DOYLE, J.

Henry Green deceased on the 22nd day of May, 1918, seized of several parcels of valuable real property situated in Portage and Summit counties.

His will, probated in Summit County, stipulated that the legal title to his real property should be vested in the executor of his estate for fifteen years, with full power in the said executor to manage and keep in repair the said real property. The will further stipulated that the property should be subject only to "levy and execution for debts contracted for betterments and

improvements, or labor performed in connection with" the said real property. Provision was made for the wife to receive, from the executor, one-third of the net income from the property for the 15-year period. After 15 years the will provided that the estate should be divided "share and share alike" among four children—Henry Green, Jr., Lena Baker, Fred Green and Bertha Green; consideration, however, to be given to the interest of the widow as specified in the will, and to be first deducted. This "interest of the widow" was a right to one-third of the net income of the estate for the remainder of her life if she lived beyond the 15-year period.

The widow elected to take under the will.

Bertha Green, heretofore mentioned and named in the will as one of the decedent's four children, died intestate and without issue on the 10th day of November, 1931. Her widower, Christian F. Green, survives as her sole heir at law.

On the 16th day of August, 1933, a petition was filed in the Probate Court of Summit County by the administrator w.w.a. of the estate of Henry Green, praying for authority to sell real estate of the testator to pay estate debts. It was alleged that the personal property was insufficient to meet the obligations Among the various defendants named were Ernest E. Zesiger, administrator of the estate of Bertha Green, deceased, and Christian F. Green, each of whom filed answers.

On April 12, 1939, the cause was heard, and the court found it necessary "to sell the real estate described in plaintiff's petition to pay the debts and costs of administration of said estate". It was therefore ordered that the administrator sell at private sale the property situated in Portage County.

On May 2, 1939, the court, upon oral motion, made the T. G. Parsons Lumber Co. a party defendant, and granted it leave to file an answer and cross-petition in the action.

The answer denied the allegations of the plaintiff's petition.

The cross-petition alleged that the lumber company had obtained a judgment in cause No. 7043 in the Court of Common Pleas of Holmes County in the sum of $4031 against Christian F. Green, "who is one of the defendants in this cause and has an interest in the premises which are the subject of this action and which have already been ordered sold".

The cross-petition further alleges that the company "thereupon caused to be filed in the office of the clerk of courts of Portage County, Ohio, a certificate of said judgment setting forth the court in which the same was rendered, the title and number of the action and all of the other facts prescribed by law, whereupon the lien of said judgment became a valid and subsisting first and best lien upon the entire right, title and interest of the defendant Christian F. Green in and to the premises described in the petition and any fund which has or may arise from the sale of said premises. Said certificate of judgment was thereupon docketed and indexed in the manner prescribed by law, and the judgment recovered in the Court of Common Pleas of Holmes County, Ohio, stands unappealed from, not reversed, and in all respects in full force and virtue in law. Wherefore this cross-petitioning defendant prays that it may be found to have a valid and subsisting first and best lien upon the interest of Christian F. Green in the premises described in the petition and that out of the proceeds of the sale of said premises there be ordered paid to this cross-petitioning defendant the amount due it upon the judgment hereinbefore referred to and for such other and further relief as may be found just and equitable."

On May 16, 1939, the order of sale was returned and confirmed by the court.

On June 30, 1939, the judgment debtor, Christian F. Green, filed a demurrer to the cross-petition of the company, which was later sustained by the court for the reason that the cross-petition did not "contain sufficient facts to constitute a cause of action".

The cross-petition was subsequently dismissed.

Appeal on questions of law from this final order lodges the cause in this court.

The cross-petitioner raises the following questions:

1. Does the cross-petition allege sufficient facts to constitute a cause of action?

2. Did the Probate Court have jurisdiction of the subject-matter?

The Probate Court specifically found, as a reason for sustaining the demurrer, that "no mention of the time when the judgment of the T. G. Parsons Lumber Co. was obtained against the said Christian F. Green" appears in the pleading.

Assuming that the alleged judgment debtor had an interest in the real estate which was subject to levy and execution, or an interest upon which a judgment lien could attach under the provisions of §11656 GC, nevertheless the cross-petition in the instant case does not plead facts sufficient to state a cause of action to enforce such a lien under the provisions of §11656 GC, supra.

The pleading does not allege the date of the rendition of the judgment in Holmes County, nor the time of filing the certificate of judgment in Portage County, nor whether it was filed before or after the Probate Court ordered the land sold to pay debts; nor does it allege any steps taken by the judgment creditor other than the filing of a certificate of judgment.

For aught that appears, the judgment could have been dormant. **Sec. 11663 GC.** Or, if a lien had ever attached to an interest in the Portage County property, it could have ceased to exist for a failure to comply with the provisions of §11663 GC, supra. Or, for aught that appears, the claimed lien upon an interest in real estate, which real estate did not stand of record in the name of the judgment debtor. may not have been in existence at all when the Probate Court rightfully exercised its jurisdiction over the property and determined the rights of the parties and ordered sale.

The attachment of the lien is of the very essence of the action, and the date of the judgment and the date of the filing of the certificate of judgment determines the material fact as to whether or not a lien has attached.

"* * * Generally speaking, it seems that under the Code practice, if the time when a fact happened is material to constitute a cause of action * * *, it must be stated, but if a statement of facts without a statement of the time when they occurred constitutes a cause of action, no allegation of time is necessary. * * *"

**31 O. Jur., Pleading, Sec. 60.**
See also, Ibid., Sec. 21.

It is further claimed that the pleading is demurrable because of a failure to allege any title in Christian F. Green in the property.

The only allegation on this subject is in the following language: "that said Christian F. Green against whom said judgment is recovered is the same Christian F. Green who is one of the defendants in this cause and **has an interest in the premises** which are the subject of this action and which have already been ordered sold". (Emphasis ours).

This bare allegation falls far short of alleging any title in Christian F. Green in property constituting the estate of Henry Green, deceased, which could be subject to a lien under the provisions of §11663 GC. His "interest" as described in the petition could, among other interests, have been that of a judgment creditor. And under the circumstances, this court cannot properly look to any other pleadings to ascertain the "interest" of this judgment debtor.

Deciding, as we do, the question of the sufficiency of the petition, under the assumption that the Probate Court had jurisdiction of the subject-matter. we do not deem it necessary to determine the question of the jurisdiction of the Probate Court of the subject-matter of the action.

Judgment affirmed.

WASHBURN, PJ. & STEVENS, J., concur.